## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| AMERICAN UNIVERSITY OF KUWAIT ) | |
| 15 Salem Al Mubarak Street ) | |
| Salmiya 20002 KUWAIT ) | |
| Plaintiff, ) | |
| ) | Civil Case No. _____ |
| v. ) | |
| ) | |
| AMERICAN UNIVERSITY ) | |
| 4400 Massachusetts Avenue, NW ) | |
| Washington, D.C. 20016 ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DE NOVO JUDICIAL REVIEW
## OF DECISION OF TRADEMARK TRIAL AND APPEAL BOARD

Plaintiff, American University of Kuwait ("AUK"), for its Complaint against Defendant, American University ("AU"), alleges as follows.

## NATURE OF THE ACTION

1.      This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB" or "Board"), an administrative agency of the United States Patent and Trademark Office ("USPTO"), under 15 U.S.C. § 1071(b)(1) and 37 CFR § 2.145(c), a declaratory judgment of no likelihood of confusion between the marks at issue, and cancellaton of several AU trademark registrations as procured or maintained through fraud.

2.      The proceeding below was commenced in 2008. AU filed a Petition for Cancellation of a 2008 AUK registration upon a single claim of likelihood of confusion, Cancellation No. 92049706 ("Cancellation"), after AU failed to oppose the 2006 application that became the AUK registration. Following a stay and AU's registration of its principal mark in 2015, AUK filed an amended answer and counterclaims to cancel or amend AU's new

registration and related registrations.

3.      In 2017, after nearly a decade, AU sought leave to add a second claim to cancel AUK's 2008 registration as void *ab initio*, alleging non-use of AUK's mark in commerce as of the May 15, 2006 application date of its registration, granted by the TTAB "Interlocutory Attorney's" order of September 5, 2017, over AUK's opposition that the belated claim was unduly delayed, unfairly prejudicial, or forfeited.

4.      In 2018, the parties jointly requested accelerated case resolution ("ACR") in lieu of trial, by which the TTAB seeks to issue a decision within 50 days of briefing, which was completed in September 2018. *See* TBMP § 528.05(a)(2). In this case, the TTAB decision remained pending for over 500 days.

5.      On January 30, 2020, a TTAB panel issued its decision. *American University v. American University of Kuwait* (Canc. No. 92049706 TTAB Jan. 30, 2020) (hereinafter "TTAB Decision"). The panel did not address AU's original 2008 claim, deciding only its second 2017 claim to cancel AUK's registration and declining to address whether the interlocutory order allowing that belated claim was an abuse of discretion. The panel denied AUK's counterclaims to partially cancel and amend AU's registrations.

6.      AUK seeks, *inter alia*, review and reversal of the TTAB Decision and interlocutory order to the extent adverse to AUK, for:

**AU 2008 Claim**

a)      Failing to reach a decision that the following AUK registration is <u>not</u> confusingly similar to the trademarks claimed by AU under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d):

**AUK Reg. No. 3387226** ("AUK Registration")

Mark:



Mark Description: "The mark consists of a minaret with a maroon clock face in the middle of the minaret with the wording 'AUK' in maroon underlined in yellow gold underneath the design. The wording 'AMERICAN UNIVERSITY OF KUWAIT' in maroon sits underneath the wording 'AUK,' also in maroon. The color maroon appears in all of the lettering in the mark and inside the window design and the clock design, both of which sit inside the minaret design. The color gold appears in the outline of the minaret design and inside the line that sits underneath the term AUK."

For: "Educational services, namely, providing courses of instruction at the college level"

Disclaimer: "AMERICAN UNIVERSITY OF KUWAIT"

b)   In its 2008 claim, AU sought cancellation of the AUK Registration under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), alleging it was confusingly similar to marks identified in the following registrations for which AU asserted ownership:

(i)   **AU Registration No. 2878419**

Mark:



For: "Educational services, namely, providing courses of instruction at the collegeand graduate level, distributing course materials in connection therewith, conducting educational conferences and educational research in the fields of politics, science, history, languages, computer technology, math, arts, music; entertainment services, namely, radio programming for a university setting; organizing exhibitions of university-level athletics" and other goods not germane to the subject action

(ii)     **AU Registration No. 3337869**

Mark: AU

For:  "Educational services, namely, providing courses of instruction at the college and graduate level, distributing course materials in connection therewith, conducting educational conferences and educational research in the fields of politics, science, history, languages, computer technology, math, arts, music; entertainment services, namely, radio programming for a university setting; organizing exhibitions of university-level athletics" and other goods not germane to the subject action

(iii)    **AU Registration No. 3559022**

Mark: A NEW AMERICAN UNIVERSITY

For: "Educational services, namely, providing courses of instruction at the college and graduate level, distributing course materials in connection therewith, conducting educational conferences and educational research in the fields of politics, science, history, languages, computer technology, math, arts, music; entertainment services, namely, radio programming for a university setting; organizing exhibitions of university-level athletics"

UNIVERSITY disclaimed; acquired distinctiveness claimed as to "AMERICAN UNIVERSITY")

Disclaimer: UNIVERSITY

Distinctiveness Limitation: Section 2(f) claim as to acquired distinctiveness of AMERICAN UNIVERSITY

(iv)    **AU Registration No. 4774583**

Mark: AMERICAN UNIVERSITY

For: "Educational services, namely, providing courses of instruction at the college and graduate level, namely, distributing course materials, conducting educational conferences and educational research in the fields of politics, science, history, languages, computer technology, math arts, music; entertainment services, namely, radio programming for a university setting; entertainment services, namely, organizing exhibitions of university-level athletics" and other goods not germane to the subject action.

Disclaimer: UNIVERSITY

Distinctiveness Limitation: unsubstantiated Section 2(f) claim as to acquired distinctiveness of AMERICAN UNIVERSITY

Note: AU Registration No. 4774583 did not register until 2015 and was not in AU's

4

original Petition (although AU noted its ownership of the application Ser. No. 75901070 that became Registratio No. 4774583). It was added as a basis for AU's likelihood-of-confusion claim as part of its May 2, 2017 motion to amend.

(v)     **AU Reg. No. 2986715**

Mark: AMERICAN INTERNATIONAL UNIVERSITY

For: "Collective membership mark used to indicate membership in an International University"

Disclaimer: UNIVERSITY

Distinctiveness Limitation: unsubstantiated Section 2(f) claim as to acquired distinctiveness of AMERICAN INTERNATIONAL UNIVERSITY

Note: After AUK asserted and proved that AU had filed fraudulent maintenance documents concerning this registration, AU in its ACR brief withdrew this sham registration from its case in chief, long asserted in this and other proceedings as its earliest registration. That is, AU asserted this registration—assigned by an unrelated third party under questionable circumstances—as its primary basis for its claims below, then suddenly withdrew it during the final stage of the 12-year TTAB proceeding only after AUK identified that AU had for years made knowingly, fraudulent material misrepresentations to the USPTO to maintain the registration.

(together the "AU Registrations").

## AUK Counterclaims

c)     Denying AUK's counterclaims that AMERICAN UNIVERSITY was generic when

adopted or has become generic for educational services and/or has lost its

significance as a mark, to the extent it had significance, *inter alia,* through:

(i)     Declining to consider AU's admission and representation to the USPTO in

obtaining registration of its principal mark, Reg. No. 4774583, though the

file history is of automatic record, 37 C.F.R. § 2.122(b), that the term

AMERICAN UNIVERSITY "refers to a type of service provided," and

"does not convey a particular place, since a university could be located

anywhere in the Americas or elsewhere"—the very definition of a generic

name, and how the term is used by dozens of American-style universities,

even while acknowling that "the raw numbers [in support of AUK's claim of genericism] are impressive" (TTAB Decision, at 50);

(ii)    Denying AUK's claims that AMERICAN UNIVERSITY was in use by others when first adopted by AU and thus, AU's registrations that include the term are tainted by fraud, having misrepresented to the USPTO that AU had substantially exclusive use of the term in order to claim the benefits of Section 2(f) of the Trademark Act and securing registration of its mark, or that the claim of Section 2(f) benefits was otherwise inappropriate;

(iii)    Denying AUK's request for sanctions for fraud on the court (or Board), for, *inter alia*, AU's false Rule 30(b)(6) testimony by in-house counsel that it does not know of the generic use of AMERICAN UNIVERSITY to mean an American-style university, as it represented to USPTO and declares worldwide, characterizing false testimony as an "unpleaded claim or defense" or the corporate representatives' lack of "personal knowledge";

d)    Denying AUK's counterclaims that AU's registration nos. 2986715, 3559022 and 4127891 are unsupported by sufficient evidence of acquired distinctiveness, rendering AU's Section 2(f) claims under the Trademark Act 15 U.S.C. § 1052 inappropriate as to AMERICAN UNIVERSITY, and warranting that AMERICAN UNIVERSITY be disclaimed in the noted registrations;

e)    Denying AUK's counterclaim that registration no. 4774583 should be canceled for Class 41 services, where the mark consists entirely of the term AMERICAN UNIVERSITY and was registered pursuant to Section 2(f) of the Trademark Act and is unsupported by sufficient evidence of acquired distinctiveness;

**AU 2017 Claim**

f)      Declining to reach the merits of the "Interlocutory Attorney's" interim order entered September 5, 2017, that allowed AU, after nearly a decade of litigation, to belatedly assert a new claim that the AUK mark was not in use in U.S. commerce at the time of the filing of the AUK application on May 15, 2006.

g)      Granting AU's claim that it had established by a preponderance of evidence that AUK did not use its mark in commerce within the meaning of Section 45 of the Trademark Act for the services identified in the AUK Registration prior to the filing date of the  subject application on May 15, 2006.

## THE PARTIES

7.       Plaintiff, American University of  Kuwait, having its principal place of business at Salem Al Mubarak Street 15, Salmiya 20002 KUWAIT, is an educational corporation organized and existing under the laws of Kuwait.

8.       Upon information and belief, Defendant, American University, having its principal place of business at 4400 Massachusetts Avenue, NW, Washington, D.C. 20016, is an educational corporation organized and existing under the laws of the District of Columbia.

## JURISDICTION AND VENUE

9.       This is an action for judicial review by civil action of a final decision of the TTAB under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), and related claims.

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. §§ 1051, 1071(b)(1), 1119-1121, and pursuant to 28 U.S.C. §§ 2201 and 2202 as AUK seeks a declaration of rights regarding an actual case and controversy between the parties.

11.      This Court has personal jurisdiction over the Defendant pursuant to 15 U.S.C.  §

1071(b)(4), and because AU has its principal place of business in the District of Columbia.

12.    Venue is proper in this judicial district pursuant to 15 U.S.C. § 1071(b)(4), and 28 U.S.C. §§ 1391(b)(1) and (c)(2).

## BACKGROUND

13.    On May 15, 2006, AUK filed application serial No. 76660052 for the AUK trademark for educational services, namely, providing courses of instruction at the college level which matured into a registration issued as no. 3387226 on February 26, 2008, and is the AUK Registration.

14.    On July 25, 2008 AU filed a Petition for Cancellation seeking cancellation of the AUK Registration on the grounds of likelihood of confusion with the marks shown in the AU Registrations (the "Cancellation").

15.    On September 8, 2008, AUK filed an Answer.

16.    On January 30, 2009, the Cancellation was suspended pending disposition of a potentially related civil action that AU brought against the American University of the Caribbean.

17.    On December 30, 2014 the Cancellation was resumed.

18.    On April 1, 2015, AUK moved to amend its Answer to include counterclaims challenging AU Registration Nos. 4127891, 3559022 and 2986715, alleging the registrations should be cancelled, or in the alternative, that Registration Nos. 4127891, 3559022 and 2986715 be amended to  remove the Section 2(f) claims and to add disclaimers for "AMERICAN UNIVERSITY," which motion was granted by the Board.

19.    On February 9, 2016, following registration of AU's principal mark AMERICAN UNIVERSITY on July 21, 2015, AUK moved to amend its Answer to include an additional counterclaim challenging newly-issued Registration No. 4774583, alleging the registration should be cancelled as to Class 41, which motion was also granted by the Board.

20.     On May 2, 2017, AU moved to amend its Petition for Cancellation to add a claim that the AUK Registration was void *ab initio*, alleging AUK was not offering the services identified in the AUK Registration as of the May 15, 2006 filing date of the application that matured into the AUK Registration, which motion AUK opposed as unduly delayed, unfairly prejudicial, and forfeited, and the TTAB "Interlocutory Attorney" granted on September 5, 2017.

## FIRST CAUSE OF ACTION
### Appeal of TTAB Decision under 15 U.S.C. § 1071(b)(1), *et seq.*

21.     AUK repeats the allegations of paragraphs 1 through 20 above.

22.     Pursuant to 15 U.S.C. § 1071(b)(1), this Court may review and reverse a final disposition of the TTAB in connection with a trademark cancellation.

23.     The Court's review of the TTAB Decision will determine whether: (i) AU was entitled to belatedly amend its Petition to include a claim that the AUK Registration was void *ab initio*; (ii) the Board was correct in its conclusion that the AUK mark was not in use in commerce at the time of filing of the AUK application; (iii) the Board was correct in its interpretation as to what constitutes use in commerce under 15 U.S.C. §1051(a); (iv) there is a likelihood of confusion between the AUK mark and the pleaded AU marks; (v) the AU registrations at issue should be canceled, partially amended, or amended, in that the term AMERICAN UNIVERSITY is generic or merely descriptive (and not entitled to the benefits of acquired distinctiveness under Section 2(f) of the Trademark Act); (vi) the Board committed prejudicial error in excluding voluminous evidence offered by AUK; and (vii) generally, whether the Board's conclusions were based upon a correct application of applicable law, or otherwise arbitrary, capricious, or an abuse of discretion.

24.     Among other things, the TTAB's conclusion regarding use in commerce of the trademark in the AUK Registration was based upon a misapplication of the relevant sections of the Trademark Act.

25.     The TTAB's conclusion regarding cancellation of the AUK Registration as void *ab*

*initio* improperly evaluated the totality of the evidence (particularly, the facts regarding use of the AUK Mark in commerce) and reached erroneous conclusions of law regarding AUK's Registration.

26.    The TTAB's rulings to exclude significant evidence offered by AUK in support of its contentions, including, *inter alia*:

a)    Corrected Declaration of Rawda Awwad: Exhibit No. 1 (TTAB only considered in support of testimony that she taught interactive courses in 2009 in a "cross-border open classroom experience.")

b)    Corrected Declaration of Dale Eickelman: Exhibit Nos. 13-15,  16, 17, 19-22

c)    Corrected Declaration of Amal Al-Binali: Exhibit Nos. 5, 6, 20, 21, 23, 25, 26, 35, 56, 57, 76, 127, 128, 130, 132, 133.

d)    Declarations of Janice Housey F and G, and annexed Exhibits F, F1–F35, G1-G52

27.    The TTAB's failure to consider the file history of Reg. No. 4774583, which is automatically of record, and particularly AU's  communication to the USPTO of January 17, 2001 in which AU represented: "Applicant [AU] … contends that the mark is not primarily geographically descriptive, but rather the use of AMERICAN is intended to invoke an association of quality of the education services and cultural and historical orientation. … In this instance, the use of the term 'AMERICAN' is not such that it describes a location. The term instead refers to the type of service provided."

28.    The TTAB's failure to address specifically any of numerous objections raised by AU to questions posed during the Fed. R. Civ. P. 30(b)(6) depositions of AU but instead to conclusorily sustain *all* objections and exclude such testimony, and to "consider[] the remaining testimony" only "with an eye to [AU's] objections and as to whether the testimony is outcome-determinative, and accord[ed] it whatever probative weight it merits." (TTAB Decision at 19)

29.    The TTAB's failure to give due consideration  to AUK's contention regarding "fraud on the court" (or Board) and that AU should have been sanctioned for litigation misconduct, including

its attorneys' repeated misrepresentations and deceit in the underlying TTAB proceedings, false testimony by its Associate General Counsel and other senior corporate representative, obstruction, and concealment of material facts, aided and abetted by its counsel.

30.     But for AU's material misrepresentations of fact in connection with each underlying application that became Registration Nos. 3559022 and 4774583, regarding AU's "substantially exclusive use" of the term AMERICAN UNIVERSITY, the USPTO would not have allowed a Section 2(f) registration to issue as to educational services.

31.     But for AU's material misrepresentations of fact in maintenance documents filed in connection with Registration No. 2986715, that the mark was still in use, this registration would have been canceled by the USPTO.

32.     Overall, the TTAB's findings of fact were not supported by substantial evidence, and its conclusions of law were clearly erroneous.

33.     Plaintiff will present this Court with substantial further evidence to support its contentions on the allegations made below.

34.     Plaintiff also seeks review of the TTAB findings of fact in the Cancellation as well as de novo review of the TTAB's findings of law, and the new evidence and claims to be presented by Plaintiff pursuant to Section 21 of the Lanham Act, 15 U.S.C. § 1071.

## SECOND CAUSE OF ACTION
### Declaratory Judgment under 28 U.S.C. §§ 2201-2202 and 15 U.S.C. § 1051, *et seq.*

35.     AUK repeats the allegations of paragraphs 1 through 34 above.

36.     AU claims that there is a likelihood of confusion between the marks put forth in the AU Registrations and the AUK Registration.

37.     An actual, present, and justiciable controversy exists between the parties.

38.     The mark in the AUK Registration is used in such a manner, in a crowded field of widespread AMERICAN UNIVERSITY marks, that there is no likelihood of confusion as between

10

the parties' respective marks.

39.     AUK seeks a declaratory judgment from this Court that the AUK Mark is not likely to cause confusion as to the source, affiliation, or sponsorship of its educational services with those of AU.

40.   AUK seeks a declaratory judgment that AU has not and will suffer no damages or loss of goodwill as a result of the use or registration of the AUK mark for educational services.

**THIRD CAUSE OF ACTION**
**Cancellation of Registrations due to Fraud under 15 U.S.C. §§ 1119, 1120**

41.     AUK repeats the allegations of paragraphs 1 through 40 above.

42.     AU made material misrepresentations of fact to deceive the USPTO and fraudulently procure or maintain several of its registrations.

43.     AU's material misrepresentations of fact in connection with the underlying application that became Registration No. 3559022, falsely asserted by counsel without a sworn verification as required, and made knowingly and with an intent to deceive the USPTO, regarding AU's "substantially exclusive use" of the term AMERICAN UNIVERSITY, fraudulently procured that registration as to educational services, under the provisions of Section 2(f) of the Trademark Act, warranting that the registration be cancelled.

44.     AU's material misrepresentations of fact in connection with the underlying application that became Registration No. 4774583, falsely asserted by counsel without a sworn verification as required, and made knowingly and with an intent to deceive the USPTO, regarding AU's "substantially exclusive use" of the term AMERICAN UNIVERSITY, fraudulently procured that registration as to educational services, under the provisions of Section 2(f) of the Trademark Act, warranting that the registration be cancelled.

45.     AU's material misrepresentations of fact in maintenance documents filed in connection with Registration No. 2986715, made knowingly and with an intent to deceive the

10

USPTO, that the mark was still in use, fraudulently induced the USPTO not to cancel the registration, warranting that the registration be cancelled due to fraud and for non-use of the mark without intent to use.

46.      As a result of the continued registration of AU Registration Nos. 3559022, 4127891, and 2986715, AUK has and is continuing to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, American University of Kuwait, requests that:

A.      upon final determination of this action, judgment be entered reversing the TTAB Decision, and interlocutory order of September 5, 2017, to the extent adverse to AUK;

B.      the Court determine that the mark shown in the AUK Registration was in use in commerce as of May 15, 2006 and is currently in use in commerce;

C.      the Court determine that there is no likelihood of confusion between the mark shown in the AUK Registration and the marks shown in the registrations pleaded by AU in the Cancellation;

D.      the Court issue a declaratory judgment that there is no likelihood of confusion between AUK's Mark and any of AU's trademarks;

E.      the Court determine that AU procured or maintained by fraud Registration Nos. 3559022, 4127891, and 2986715, and that these registrations be canceled due to fraud, or, in the alternative, be amended to remove Section 2(f) claims and add disclaimers for "AMERICAN UNIVERSITY," and Registration No. 4774583 be cancelled as to Class 41;

F.      AUK be granted such damages and further relief to which it may be justly entitled.

10

Dated: March 30, 2020                     Respectfully submitted,

                                          /s/ Robert W. Ludwig
                                          Robert W. Ludwig, #362526
                                          rludwig@ludwigrobinson.com
                                          Salvatore Scanio, #435343
                                          sscanio@ludwigrobinson.com
                                          LUDWIG & ROBINSON, PLLC
                                          1717 Pennsylvania Ave. NW, Suite 450
                                          Washington, D.C. 20006
                                          Tel: (202) 289-1800
                                          Fax: (202) 289-1804

                                          Janice Housey, #458981
                                          jhousey@symbus.com
                                          SYMBUS LAW GROUP, LLC
                                          P.O. Box 777
                                          Berryville, VA 22611
                                          Tel: (703) 957-5274
                                          Fax: (540) 518-9037

                                          *Attorneys for Plaintiff*
                                          AMERICAN UNIVERSITY OF KUWAIT